# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY MONTOYA SALAS,<br><br>        Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. CV 18-10414 JVS (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records herein, and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate

---

[1] Andrew M. Saul, Commissioner of Social Security, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

Judge.  However, the Court addresses certain arguments raised in the Objections below.

Plaintiff, who is proceeding pro se, contends that she is "not mentally stable" and has "become more unstable since 2001." (Dkt. No. 22 ("Objections") at 2, 3).[2]  She asserts that her "ability to work is false and inaccurate." (Id. at 3).  Plaintiff also contends that due to "increased pain," she cannot walk, bend, or "function as so you say." (Id. at 4).  She does not, however, identify any specific errors in the Report and Recommendation. (Id. at 1-6). Instead, Plaintiff attaches over 120 pages of medical records to her Objections, apparently in support of her contention that she is incapable of fulltime work. (Id. at 7-130).

The records submitted by Plaintiff are not material.  The Court may remand a matter to the Commissioner if there is new evidence which is "material" to a determination of disability and Plaintiff shows "good cause" for having failed to produce that evidence earlier.  42 U.S.C. § 405(g).  To be material, the new evidence must bear "directly and substantially on the matter" at issue, and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).

---

[2] The Court cites to the Objections and its exhibits as if they were consecutively paginated.

Here, however, <u>all</u> of the records submitted with Plaintiff's Objections postdate the ALJ's March 2018 decision by <u>over one year</u>. (Objections at 7-130). As the Magistrate Judge admonished Plaintiff in the Report and Recommendation, "[w]hile these records may be relevant to a <u>new</u> SSI application, they are not material to whether Plaintiff was disabled at any time between April 14, 2015, the SSI application date, through March 28, 2018, the date of the ALJ's decision. (R&R at 32) (emphasis added); see <u>Sanchez v. Sec'y of Health & Human Servs.</u>, 812 F.2d 509, 512 (9th Cir. 1987) ("The new evidence indicates, at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing."); <u>Kimbrough v. Shalala</u>, 39 F.3d 1187 (9th Cir. 1994) ("The new evidence indicates only the status of Kimbrough's medical condition [after the relevant time period], and as such, it is irrelevant."). Thus, because the medical records submitted by Plaintiff with her Objections are not material, no remand is required.

//

//

//

**IT IS ORDERED** that Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 15, 2019

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE